## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | LESLIE GORDINEER, and | ) |
| (2) | ERIN PRATT, | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| vs. | | ) |
| | | ) |
| (1) | CHUY'S OPCO, INC., a foreign | ) |
| | corporation, | ) |
| | | ) |
| | Defendants. | ) |

Case No.: CIV-14-1257-HE

### COMPLAINT

Plaintiffs Leslie Gordineer ("Gordineer") and Erin Pratt ("Pratt") ("Plaintiffs") for their causes of action against Defendant Chuy's Opco Inc. ("Defendant"), allege and state:

### The Parties

1.     At all relevant times, Plaintiffs were and now are residents of Cleveland County, State of Oklahoma.

2.     At all relevant times herein mentioned, Defendant was and now is a foreign corporation with its principal place of business in Texas, operating a Chuy's Mexican Restaurant in the County of Cleveland, State of Oklahoma.

### Jurisdiction and Venue

3.     This action arises and jurisdiction is proper under the provisions of 42 U.S.C.A. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1367.

4.      Venue is proper in the Western District of Oklahoma in that the employment practices hereinafter alleged to be unlawful were committed in the Western District of Oklahoma pursuant to 28 U.S.C. Section 1391(c).

## FACT ALLEGATIONS

5.      Plaintiffs were employed with Defendant's restaurant operating in the City of Norman, County of Cleveland, State of Oklahoma.  Gordineer started working with Defendant in July 2012 as a server and also worked in a bartender position during her employment there.  Pratt started working with Defendant in May 2013 as a waitress and worked in that position throughout her employment.

6.      Throughout their employment with Defendant, Plaintiffs experienced sexual harassment by their managers and supervisors, as well as from co-workers.

7.      Gordineer was told by her manager, Mario Padron ("Padron"), that she could not handle her job because she was a "hooker."  Padron has also called Gordineer a "hooker" and "whore" on other occasions, and he has told Plaintiff that she smelled like a skank.  Another manager, Mike Pierce ("Pierce"), has even told people that he wanted to "fuck Leslie so bad" and that all the male managers wanted to as well. Gordineer experienced comments like these throughout her employment.

8.      Pratt was told by her manager, Padron, that he and other men in the workplace, "would definitely fuck you."  He also told Pratt that if he ever wanted to turn gay, that she would make his perfect "transition girl" because she has "big boobs and

short hair." Pratt also heard comments regarding her sexual orientation, as she was told, "Shut up, Lesbian," and "Nobody cares because you're a Lesbian."

9.     Other female employees employed with Defendant also experienced similar comments from Padron, other managers, and co-employees.

10.    Plaintiffs and other female employees reported the comments and sexist behavior to Defendant's management, but nothing was done to correct the hostile environment. In fact, when comments and actions from co-workers were reported to Padron, he would immediately inform those co-employees that complaints were made, which made the situation worse.

11.    Specifically, Pratt complained to her manager, Christina Folsom ("Folsom"), about the harassing behavior, and she also discussed with Folsom the fact that she was going to seek legal recourse for the hostile work environment.

12.    When Plaintiffs threaten to quit because of the harassing atmosphere, Defendant's management would often make promises to Plaintiffs that things would get better and would offer incentives in order to induce Plaintiffs to continue to work there and to quiet their complaints about the environment.

13.    Plaintiffs needed the income in order to continue their schooling, and therefore continued their employment despite the sexually explicit atmosphere.

14.     Because of the hostile environment created and Defendant's failure to correct it, Plaintiffs filed their Charges of Discrimination with the EEOC on March 6, 2014.

15.     Pratt was terminated the following day, March 7, 2014, for reasons that were not true, and were actually pretext for the real reason, which was Pratt's complaint about the sexual environment and her filing her Charge.

16.     Approximately one month later, on April 8, 2014, Gordineer discovered that she had been shorted on the amount due to her for tips collected at the bar.  The policy is that all employees at the bar split tips for work performed, and so, like everyone else, Gordineer placed her tip money in the designated secure area.  The managers are the only ones who can go in and separate the tips to disburse to the employees.  When Gordineer went to pick up her portion for the week prior, she noticed that her share was short.  She reported it, and Defendant acted as if it was Gordineer's fault, placing additional burdens upon her regarding her tip money in the future.

17.     Because of the continued hostile environment and the retaliation against her regarding her tip money, Gordineer was constructively discharged and her last day at work was May 9, 2014.

18.     Plaintiffs filed Amended Charges of Discrimination following their leave of employment, and the EEOC issued its Dismissal and Notice of Rights letter on August 13, 2014

### FIRST CAUSE OF ACTION BY BOTH PLAINTIFFS – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR SEXUAL HARASSMENT AND GENDER DISCRIMINATION

19.     Plaintiffs incorporate by reference paragraphs 1 through 18 as though set forth in full herein.

20.     At all relevant times, Plaintiffs were and are females, and members of a class protected by Title VII of the 1964 Civil Rights Act, as amended.

21.     Defendant was, and now is an "employer" within the meaning of Title VII of the 1964 Civil Rights Act, as amended, and did and now does employ more than 15 persons.

22.     Plaintiffs were harassed because of their gender.  Moreover, Plaintiffs' gender was a motivating and significant factor in the hostile work environment they experienced, as well as in Pratt's termination and Gordineer's constructive discharge.

23.     Defendant created a hostile work environment for Plaintiffs as a result of the severe and pervasive sexual environment and its failure to correct the behavior of its management and employees in developing and fostering that hostile environment towards women.

24.     As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of Title VII of the 1964 Civil Rights Act, as amended, Plaintiffs have suffered, and are now suffering, and will continue to suffer, irreparable injury and economic loss, as well as damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.  Plaintiffs seek all of the relief afforded by Title VII of the 1964 Civil Rights Act, as amended.

25.     Plaintiffs have complied with all of the administrative requirements prior to filing this action, and this action has been filed within ninety (90) days from the issuance of the letter by the Equal Employment Opportunity Commission of its Notice of Suit Rights.

26.     Plaintiffs further seek punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiffs demand and pray against Defendant as follows:

(1)     That a judgment be entered declaring that Plaintiffs were unlawfully discriminated against by Defendant, and each of them, in violation of Title VII of the 1964 Civil Rights Act, as amended.

(2)     That Defendant be ordered to make Plaintiffs whole by providing back pay, front pay, compensation for mental pain and suffering and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and loss of enjoyment of life, and any and all other remedies authorized by Title VII of the 1964 Civil Rights Act, as amended, including, but not limited to, punitive damages.

(3)     That Defendant is enjoined from discriminating against Plaintiffs in any manner that violates Title VII of the 1964 Civil Rights Act, as amended.

(4)     That Plaintiffs be awarded their costs and expenses of this litigation, including reasonable attorney's fees, and expert witness fees; and

(5)     That Plaintiffs be granted such other legal and equitable relief as the Court may deem just and proper and in compliance with Title VII of the 1964 Civil Rights Act, as amended, including punitive damages.

**SECOND CAUSE OF ACTION BY PLAINTIFF PRATT – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR SEXUAL ORIENTATION DISCRIMINATION**

27.     Plaintiffs incorporate by reference herein Paragraphs 1 through 26 as though set forth in full.

28.     Pratt is gay, and many of Defendant's employees and managers were aware of this.

29.     Pratt experienced unwelcome comments and actions against her because of her sexual orientation, which created a hostile work environment.

30.     As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of Title VII of the 1964 Civil Rights Act, as amended, Pratt has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, as well as damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.  Plaintiffs seek all of the relief afforded by Title VII of the 1964 Civil Rights Act, as amended.

31.    Pratt has complied with all of the administrative requirements prior to filing this action, and this action has been filed within ninety (90) days from the issuance of the letter by the Equal Employment Opportunity Commission of its Notice of Suit Rights.

32.    Plaintiff further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Rehme as follows:

(1)    For her actual damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

(2)    For punitive and exemplary damages in an amount as determined by the jury at the time of trial;

(3)    For interest thereon as provided by law;

(4)    For her costs; and,

(5)    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION BY BOTH PLAINTIFFS – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR RETALIATION

33.    Plaintiffs incorporate by reference herein Paragraphs 1 through 32 as though set forth in full.

34.    Plaintiffs complained about the sexual harassment and hostile work environment, and ultimately filed Charges of Discrimination with the EEOC.

35.     After these complaints and the filing of the Charges of Discrimination, Plaintiffs were retaliated against in that Pratt was terminated and Gordineer was shorted money and ultimately constructively discharged.

36.     As a direct result of Defendant's retaliatory actions against Plaintiffs, Plaintiffs suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and lost enjoyment of life, all to their damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

37.     Plaintiffs further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1)     For damages in excess of $75,000.00, and as determined by the jury at the time of trial;

(2)     For exemplary and punitive damages as determined by the jury at the time of trial;

(3)     For their costs; and,

(4)     For further and additional relief as the Court deems just and proper.

WARD & GLASS, L.L.P.

 s/Scott F. Brockman
Stanley M. Ward, OBA#9351
Woodrow K. Glass, OBA#15690
Scott F. Brockman, OBA#19416
Barrett T. Bowers, OBA#30493
Bryan B. Young, OBA#31434
1821 E. Imhoff Road
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 (fax)
ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED