IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LESLIE GORDINEER, and<br>ERIN PRATT, | )<br>)<br>) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-14-1257-HE |
| | ) | |
| CHUY'S OPCO, INC., a foreign<br>corporation, | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Leslie Gordineer and Erin Pratt are former employees of Defendant Chuy's Opco, Inc. ("Chuy's"). Both plaintiffs assert claims for sexual harassment/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Pratt additionally asserts a claim "for sexual orientation discrimination," alleging that she "experienced unwelcome comments and actions against her because of her sexual orientation." [Doc. #1, ¶ 29]. Defendant has moved to dismiss Pratt's sexual orientation claim on the basis that it is not legally cognizable [Doc. #16].

When considering a motion to dismiss, the court accepts all well-pled factual allegations as true and views them in the light most favorable to the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required to survive the motion is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). But if the facts asserted in support of a claim, taken as true, do not state a claim based on a cognizable legal theory, the claim will be dismissed.

1

Fed.R.Civ.P. 12(b)(6).

Defendant correctly contends that Title VII does not extend to claims based on sexual orientation. As plaintiff appears to concede, Congress has not designated sexual orientation as a protected class. *See* 42 U.S.C. § 2000e-2(a)(1). The Tenth Circuit has explicitly so held. Medina v. Income Support Div., New Mexico, 413 F.3d 1131, 1135 (10th Cir. 2005).

Plaintiff suggests she really just mislabeled her claim and that it is really one based on same-sex harassment. Though same-sex harassment is a cognizable legal theory, Onacle v. Sundower Offshore Servs., Inc., 523 U.S. 73, 79 (1998), it nonetheless protects those who are harassed by someone because of their sex, not because of their sexual orientation. *Id.* at 79 ("...we hold today that nothing in Title VII necessarily bars a claim of discrimination 'because of ...sex' merely because the plaintiff and the defendant ... are of the same sex.") The complaint in this case includes nothing to suggest some separate basis for a claim based on same-sex harassment. It alleges various acts by male managers directed to plaintiffs, who are female.

To the extent plaintiff's retaliation claim is based on alleged retaliation motivated by plaintiff's sexual orientation, it is similarly dismissed. As defendant correctly notes, to be a basis for a retaliation claim under Title VII the employee must have objected to a practice made unlawful by that title. Petersen v. Utah Dep't. of Corr., 301 F.3d 1182, 1188 (10th Cir. 2002). As discussed above, discrimination based on sexual orientation in not made unlawful by Title VII.

Defendant's partial motion to dismiss [Doc. # 16] is **GRANTED**. Plaintiff Pratt's

claim based on sexual orientation is **DISMISSED**, as is her retaliation claim to the extent it is premised on sexual orientation. Plaintiffs' claims for sexual harassment/discrimination based on their sex and for retaliation based on their objection to such discrimination are not challenged by the present motion and remain for resolution.

**IT IS SO ORDERED**.

Dated this 28th day of January, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE